PER CURIAM.
We sua sponte consolidate these two (2) appeals and affirm in both cases.
In Case No. 89-0268, we affirm the final judgment entered after a bench trial because we find the appellants have failed to demonstrate that all of the alternative bases relied upon by the trial court were unsupported by competent substantial evidence. Under these circumstances we have no authority to set aside the decision of the trial court. Oceanic Intern. Corp. v. Lantana Boatyard, 402 So.2d 507 (Fla.4th DCA 1981).
In Case No. 89-1278, we affirm because most of the issues raised are rendered moot by our decision in Case No. 89-0268. We also find no error by the trial court in concluding that Heico Corporation is not entitled to recover damages from Robert Bell as a consequence of Bell supporting the prosecution of the main suit. In essence, the damages claimed were the legal expenses incurred in the successful defense of the action involved in Case No. 89-0268. We do not believe that Heico set out a proper legal basis upon which such damages could be awarded.
ANSTEAD and GLICKSTEIN, JJ., concur.
POLEN, J., concurs in part and dissents in part with opinion.